## MARTIN SMITH

*v.*

## JOHN M. SMITH *et al.*

*Filed at Springfield May 11, 1891.*

PRACTICE IN SUPREME COURT—*chancery—whether decree sustained.* A decree setting aside a deed for land on the ground of want of sufficient mental capacity of the grantor, will not be disturbed where no question of law is involved, and there is evidence enough, though conflicting, to authorize such decree.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES F. HUGHES, Judge, presiding.

Mr. CHARLES A. ALLEN, for the appellant.

Mr. J. G. THOMPSON, and Mr. G. W. SALMANS, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was a bill in chancery, prosecuted in the Vermilion circuit court, by John M. Smith, Mary E. Phillips and Eliza J. Warbritton, against Martin Smith and Mary J. Conner, for the purpose of setting aside as null and void a deed of conveyance of a tract of land containing forty acres, made by Eliza A. Smith,—who was then seventy-seven years of age, blind, and in poor health,—on March 29, 1888, prior to her death on June 7 following, to said Martin Smith. The gist of the bill was, that said Eliza A. Smith, at the time she executed the conveyance, was mentally incapable of disposing of her property by deed. The bill was also filed for the further purpose of partitioning said land among the parties to the suit, they being the heirs-at-law of said Eliza A. Smith, deceased. Mary J. Conner was defaulted, but Martin Smith, the appellant, made defense.

At the hearing the court found the allegations of the bill to be true, and found that at the time the deed of March 29, 1888, was made, the grantor, Eliza A. Smith, was not of sound and disposing mind, and decreed that said deed be set aside and held for naught, and that the land be partitioned as prayed for in the bill of complaint. From the decree so entered the appellant took this appeal.

No question of law is involved in the suit. The question of fact presented by the record is, whether or not the grantor, at the time of the execution of the deed, was mentally capable of disposing of her property by deed. The court that heard the cause answered this question in the negative. We have carefully read and examined all of the evidence contained in the record. It is quite voluminous, is conflicting and contradictory in its character, and not entirely satisfactory. We think, however, that when the testimony is taken and considered as a whole, the weight of the evidence supports the conclusion reached by the circuit court and the decree that was

entered. The question at issue being purely one of fact, no useful purpose would be accomplished by a discussion of the testimony.

We find no error in the record, and the decree is affirmed.

*Decree affirmed.*